Filed 8/24/15  P. v. Harris CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DWIGHT LEE HARRIS, SR.,<br><br>    Defendant and Appellant. | E063167<br><br>(Super.Ct.Nos. FSB1300881,<br>    FSB1305086)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Brian S. McCarville, Judge.  Affirmed.

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Dwight Lee Harris, Sr. is serving four years after pleading guilty to vehicle theft, admitting a strike prior and having his probation revoked.  He appeals from

the trial court's denial of his petition for resentencing under Penal Code section 1170.18,[1] also known as Proposition 47. We affirm.

## PROCEDURAL HISTORY

On May 8, 2013, in case number FSB1300881, defendant pled no contest to unlawfully taking or driving a motor vehicle (Veh. Code, §10851, subd. (a)) and admitted to having served two prior prison terms (§ 667.5). On May 13, 2013, as agreed, the trial court placed him on probation for 36 months. On October 3, 2013, the trial court revoked defendant's probation.

On April 15, 2014, in case number FSB1305086, defendant pled guilty, as before, to unlawfully taking or driving a motor vehicle and admitted to having a prior strike conviction. On May 13, 2014, the court sentenced defendant as agreed to the midterm of two years, doubled to four years for the strike prior. Also on May 13, 2014, defendant admitted the probation violation and received a concurrent sentence of two years.

On December 29, 2014, defendant filed petitions for resentencing in both cases.

On January 30, 2015, the trial court denied both petitions, finding defendant not eligible because he did not "satisfy the criteria in Penal Code section 1170.18."

This appeal followed.

## DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979)

---

[1] Section references are to the Penal Code unless otherwise indicated.

2

25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The order denying defendant's petition for resentencing under section 1170.18 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

CODRINGTON
J.

3